[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' PETITION FOR WRIT OF HABEAS CORPUS
In his Amended Petition for Habeas Corpus John Dash alleges that he is illegally confined because ineffective assistance of counsel resulted in his conviction of the crime of assault in the first degree, enhanced by Conn. Gen. Stat. Sec. 53-202k. The basis of the petitioner's claim is one of improper identification. John Dash argues that his defense counsel did not move to suppress the testimony of Terry Coleman — the victim in this case — who identified him at his arraignment as the assailant, but who was unable to identify him through a photographic array.
From the evidence presented, the court finds the facts articulated in this memorandum of decision. John Dash approached Terry Coleman who was sitting in a motor vehicle and tried to take his watch. Terry Coleman resisted this attempt and John Dash shot him. Although Terry Coleman was CT Page 5797 unable to identify him from a photographic array presented at the hospital where he was treated after the assault, Terry Coleman later found out about and attended John Dash's arraignment. It was there that Terry Coleman recognized John Dash as his assailant. Police officers did not inform him of the arraignment.
Terry Coleman testified that he recognized John Dash not only from the arraignment and the shooting but also because earlier on the day of the shooting his own brother had introduced John Dash to him. Terry Coleman testified further that his inability to recognize him in the photographic array presented at the hospital was due to the dred locks hair style depicted in the photograph — a hair style not worn on the day of the assault nor on the day of the arraignment.
Defendant's counsel at the trial was experienced in criminal law. He conducted discovery and presented an alibi defense which placed the defendant five miles away from the scene of the incident at the time that it occurred.
In reviewing Stickland v. Washington 466 U.S. 668, our Supreme Court stated in part the following:
 In Strickland v. Washington, supra, 671, the United States Supreme Court "consider[ed] the proper standards for judging a criminal defendant's contention that the Constitution requires a conviction . . . be set aside because counsel's assistance at the trial . . . was ineffective." In the context of a claim of ineffective assistance of trial counsel, the court held that such a contention "has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., 687.
 Bunkley v. Commissioner of Correction, 222 Conn. 444, 455 (1992)
From the evidence presented in this case, this court finds that the method by which the victim identified the petitioner was permissible. The court further finds that the petitioner has not met his burden of proving CT Page 5798 that he had ineffective assistance of counsel. See Strickland v.Washington, 466 U.S. 668, 687 (1984) and Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 455 (1992).
Accordingly, the petition for Habeas Corpus is denied.
Clarance J. Jones, Judge